IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| RAINBOW SCHOOL, INC.,<br>Plaintiff,<br><br>vs.<br><br>RAINBOW EARLY EDUCATION HOLDING LLC,<br><br>Defendant. | Civil Case No.: 5:14-cv-482<br><br>**JURY TRIAL DEMANDED** |

Our Ref.: RAIS9001

## COMPLAINT

### NATURE OF THE ACTION

1. This action is being brought by Plaintiff, a long time provider of quality childcare and education with generations of repeat customers, against Defendant, a large corporation in the process of opening a new childcare center close to Plaintiff under a confusingly similar name. Specifically, this is an action for infringement of Plaintiff's RAINBOW service mark with associated claims of false advertising under the Lanham Act and unfair competition under the laws of North Carolina, for all of which infringements and unfair competition Defendant is liable as more particularly alleged below.

2. Plaintiff seeks injunctive relief, damages, and other remedies against Defendant for infringement of Plaintiff's distinctive trademark and for unfair competition in violation of North Carolina and United States laws, all as more particularly alleged below.

### THE PARTIES

3. Plaintiff Rainbow School, Inc. ("Rainbow School") has for twenty-four years operated a high quality childcare and early education center in Fayetteville, North Carolina. Started by Debra Rickstrom in 1990, Rainbow School embodies her belief, as a mother herself, that every child is special and deserves to be cared for in a loving, fun-filled, and safe environment. Rainbow School is a corporation of the State of North Carolina.

1

4. Defendant Rainbow Early Education Holding LLC is a Delaware limited liability company with a principal place of business in Troy, Michigan, with nearly 100 locations throughout the country but, until the present time, none within the area in which Rainbow School operates and has gained renown. Defendant now is bringing its chain into Fayetteville, riding on the coattails of Rainbow School's reputation and connections in the community.

**JURISDICTION AND VENUE**

5. The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

6. This Court has jurisdiction over Defendant because, among other things, Defendant regularly transacts and has transacted business within the jurisdiction of this Court, by operating child care centers in locations outside the community pertinent to the present litigation but within this State and District. Moreover, Defendant's Fayetteville center, which is the subject of this proceeding, is scheduled to open this year. Defendant maintains and has maintained an interactive website and social media directed at residents of this State and District; causes and has caused services to be provided in this State and District; and commits and has committed tortious acts complained of herein in this State and District.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2), (c)(2), and (d).

**FACTUAL BACKGROUND**

**Rainbow School and Its RAINBOW mark**

8. Rainbow School, operating under the name and mark RAINBOW SCHOOL, is a family owned business offering childcare services to consumers in the Fayetteville metropolitan area, which includes both Cumberland and Hoke Counties.

9. Rainbow School opened its doors in 1990 and has continuously used "RAINBOW SCHOOL" as its name since that time.

10. Since its opening, Rainbow School was built on the dream that every child deserves to be able to be cared for in a loving environment that can help them to grow and develop into their full potential. As part of that effort, Rainbow School prides itself on the strong connection it builds not just

with parents and children during their time at the center but as part of their lives as well. Rainbow School, now the oldest locally owned and non-church affiliated childcare center in the area, has had generations of families entrust their children to it because of these relationships and the excellent reputation it has won in the community. Today the reputation of Rainbow has reached such heights that parents scramble to get their children enrolled, and Rainbow maintains a waiting list of parents hoping more space will open up.

11. Rainbow School's continuous provision and promotion of its services under its RAINBOW mark since its inception, as well as its community involvement, have caused the public in the Fayetteville area to uniquely associate RAINBOW and the services provided thereunder with Rainbow School. For example, Rainbow School has gained renown through its charitable efforts, including fundraising for families in need. Through those efforts, Rainbow School has built substantial goodwill in its RAINBOW mark that inures to the benefit of Rainbow School

12. Rainbow School attracts business and inquiries from families residing or working in the Cumberland and Hoke Counties, including at Fort Bragg, and, since its opening in 1990, Rainbow School has continuously used the RAINBOW mark in its interactions with the community, parents and relatives of current and past students, parents and relative of potential future students, and the students as well, and in its advertising and promotion to this same community as well as prospective customers.

13. In addition, Rainbow School has been actively involved in the community, and, as a result of these efforts over the past twenty-four years, its customers and the general public have come to recognize Rainbow School as an established and successful community business that provides high quality education and care to children ranging in age from birth to eleven years, while helping parents ensure that children get just the care that they need. Among the many types of services Rainbow School offers are nursery care, early childhood care and education, before and afterschool programs for children already enrolled in school, summer educational programs, camps, and care for disabled and special needs children. Rainbow School has devoted significant time and attention to making its programs the best that

3

they can be and ensure that its workers provide a loving and supportive environment for all types of children, including providing services in Spanish and Sign Language.

14. Rainbow School has worked hard to achieve its success, investing considerable effort and expense in developing recognition of its RAINBOW mark.

15. Through consistent, widespread use of the RAINBOW mark on and in connection with its many services, Rainbow School has developed enforceable trademark rights.

16. Rainbow School's provision and promotion of its services to the public under the RAINBOW mark since 1990, has caused the public in its trading area to associate Rainbow School's mark and the services provided thereunder with Rainbow School. Through those efforts, Rainbow School has built substantial goodwill in its RAINBOW mark that inures to the benefit of Rainbow School.

17. Rainbow School's longstanding, continuous, and extensive use of the RAINBOW mark places others on notice of Rainbow School's trademark rights within its areas of business and specifically within Cumberland and Hoke Counties. Rainbow School's use of its RAINBOW mark pre-dates the use in this District in North Carolina of the similar mark by Defendant. Thus, Rainbow School has prior and superior rights.

### Defendant and Its North Carolina Connections

18. Defendant, incorporated as Rainbow Early Education Holding LLC in Delaware, has a principal place of business in Troy, Michigan. It was formed in 2010 through the merger of several different childcare oriented companies in 2010 and operates centers throughout the Midwest and Southeast under a variety of names, including Little Pros Academy and Rainbow Child Care Center.

19. Defendant has turned childcare into big business. It operates almost 100 facilities across the United States, including some facilities within the State of North Carolina.

20. Defendant, according to its website, provides services which are nearly identical to those provided which have been provided by the Rainbow School under its RAINBOW mark for many years, including: nursery care, early childhood care and education, before and afterschool programs for children

already enrolled in school, summer educational programs, and camps. It also advertises that, like Rainbow School, it provides services in Spanish as well as Spanish immersion programs.

21.     The overall appearance of, and the impression left by, Defendant's RAINBOW mark is substantially similar to Rainbow School's RAINBOW mark. That impression is strengthened by the prominent placement of a rainbow image above both Rainbow School's and Defendant's RAINBOW marks when used on signs and elsewhere as shown below:

 

The visual image, in each case, reinforces the word "rainbow," emphasizing the primacy of that word within the mark.

22.     The similarities between Defendant's RAINBOW mark and Rainbow School's prior used RAINBOW mark, when used on and in connection with the same or similar services in the same geographic area, serve to create the same overall commercial impression.

**Defendant and Its Complained-of Actions**

23.     In or around early 2014, approximately twenty-four years after Rainbow School's opening and less than two miles away from its location, Defendant began advertising its intention to offer childcare services under the mark "Rainbow Child Care Center." Defendant now uses its RAINBOW mark in the same channels of commerce as those in which Rainbow School uses its RAINBOW mark, and Defendant markets, under its RAINBOW mark, its services to the same customers as those to whom Rainbow School markets its own services under Rainbow School's RAINBOW mark. Defendant's advertising began without the knowledge or consent of Rainbow School.

24.     Despite the fact that the Defendant elected to open its latest facility less than two miles from the Rainbow School, its services were and are not in any way affiliated with Rainbow School, and Defendant has neither obtained nor attempted to obtain Rainbow School's consent to use Rainbow

School's RAINBOW mark in association with providing childcare services in the Fayetteville metropolitan area.

26. Instead, Rainbow School became aware of Defendant's plans through inquiries from concerned parents. The parents asked whether Rainbow School was expanding, with several citing the location of Defendant's center which is located less than two miles from Rainbow School's location, as part of the reason of their confusion.

26. Understandably, shortly after Defendant began advertising its offering of seemingly similar services to those provided by Rainbow School under its own RAINBOW mark, consumer confusion began. Rainbow School soon became inundated with inquiries regarding Defendant's center from parents throughout the area including those of its current students; parents of potential students, including students already on its waitlists; and job seekers responding to advertisements placed by Defendant. Even the State of North Carolina licensing consultant believed that Defendant's new center belonged to Rainbow School. Rainbow School has received well over 100 inquiries reflecting or reporting actual consumer confusion. These contacts presumably represent a small portion of confused consumers as there are undoubtedly many more who have not contacted the Rainbow School demonstrating or reporting on the confusion caused by Defendant's use of its RAINBOW mark.

27. Even Defendant's own representatives are confused. During one phone call to Defendant's headquarters, a representative of Rainbow School was initially advised that Defendant's new center in Fayetteville is associated with Rainbow School. Although Defendant's representative became less certain when pressed, the initial confusion evidences that even Defendant has a difficult time differentiating between the marks under which the schools operate.

28. Soon after Rainbow School discovered Defendant's use of the confusingly similar RAINBOW mark, counsel for Rainbow School contacted Defendant and explicitly requested Defendant cease and desist use of the RAINBOW mark in the Fayetteville metropolitan area.

29. Despite the reports of confusion and being approached repeatedly by Rainbow School, Defendant has refused to rename its soon-to-open center or take steps to mitigate the confusion.

6

Case 5:14-cv-00482-BO   Document 1   Filed 08/27/14   Page 6 of 14

30. Rainbow School had hoped and expected that Defendant's enterprise would be renamed before commencing operations. However, instead of ceasing and desisting from its infringements, Defendant recently began accepting enrollment for the Fall and advertising on its web site and signage that the facility will be open, under the RAINBOW name and mark, in September 2014.

31. Rainbow School is concerned not only about its own good name, but about the effect of the confusion on the children entrusted to its care. Rainbow School sends buses, bearing the Rainbow name, to pick up children at local schools. Defendant has indicated that it also expects to provide transportation from local schools to its facility. There is a serious risk that children will be misdirected and become lost as a result of confusion on the part of teachers and children when two "RAINBOW" school buses show up to transport children to their childcare programs.

32. Defendant was on notice of Rainbow School's longstanding use of its own RAINBOW mark in connection with services that were similar or identical to those that Defendant intends to provide, yet Defendant proceeded to advertise and use the Rainbow Child Care Center name and promote its own RAINBOW mark in which both the word "Rainbow" and a rainbow image feature prominently. Although it has been reminded of Rainbow School's rights by counsel, Defendant has continued to use the RAINBOW mark in the territory Rainbow School has established prior rights.

33. In short, Defendant was expressly informed of its infringements but has continued to willfully infringe Rainbow School's rights with no intention of ceasing the infringing activity. Defendant intentionally seeks to capitalize on the hard-earned goodwill of a smaller, established childcare center with decades spent developing its brand recognition in the community.

34. Defendant's actions complained of herein are likely to cause confusion, to cause mistake, and to deceive members of the public as to the affiliation, connection, and association of Defendant with Rainbow School, are already causing such confusion, and all were carried out by Defendant whilst Defendant had active and constructive knowledge of Rainbow School's use and promotion of its own RAINBOW mark. Furthermore, as a smaller, senior player in the marketplace, Rainbow School is not

only a victim of infringement by way of likelihood of confusion but may also suffer loss directly from "reverse confusion" by Defendant's use of the confusingly similar mark.

35. Defendant's actions are damaging the exclusive rights that Rainbow School heretofore enjoyed in its RAINBOW mark in the Fayetteville metropolitan area and are causing harm to Rainbow School.

36. Defendant's activities demonstrate that Defendant will continue to cause irreparable harm to Rainbow School if it is allowed to open and operate their facility under the RAINBOW CHILD CARE CENTER name as opposed to one of its other marks and that substantial corrective action must now be taken to protect Rainbow School.

37. All allegations of this complaint are incorporated into each count below.

### COUNT I: TRADEMARK INFRINGEMENT
### [COMMON LAW]

38. Since its opening in 1990, Rainbow School has consistently used and promoted its RAINBOW mark in connection with a wide range of childcare and educational services in commerce in the Fayetteville metropolitan area. As a result, Rainbow School has established significant common law trademark rights in connection with its RAINBOW mark in this area.

39. As set forth above, Defendant has not yet established any use of a RAINBOW mark in the Fayetteville metropolitan area in connection with the actual provision of childcare as it has not yet begun operation. Defendant has, however, begun use of a RAINBOW mark to advertise its plans to offer services which are similar or identical to those offered by Rainbow School under its RAINBOW mark; has used the mark in connection with its solicitation of parents and families to enroll their children in such programs; and has promoted the opening of its center through signs at the physical location, advertisements, online listings, and online promotion of the center. These actions have already caused substantial harm to Rainbow School, and said harm will only increase once Defendant begins actually offering childcare and educational services under the infringing mark in the Fayetteville metropolitan area.

40. Upon information and belief, Defendant knew or should have known prior to adopting RAINBOW as the service mark for a childcare center in Fayetteville that Rainbow School already was using the RAINBOW mark and that Defendant's use would cause confusion. Defendant nonetheless chose to begin advertising Defendant's virtually identical business using the RAINBOW mark in the same town and in close proximity to the location where Rainbow School already was using the RAINBOW mark. Even if Defendant had been unaware of the potential for confusion before making its initial plan to open a center under the RAINBOW mark, it was nearly instantly advised by Rainbow School that confusion was occurring after putting up the first sign in about May 2014.

41. Defendant had constructive and actual knowledge of Rainbow School's ownership and use of its common law RAINBOW mark prior to commencing the infringements complained of herein.

42. In view of the similarity of Rainbow School's prior-used and not abandoned RAINBOW mark as compared to Defendant's use of RAINBOW as a service mark, the similarities between the services offered by the respective parties under their respective marks, and the similarities in channels of trade, the Defendant's RAINBOW mark so resembles Rainbow School's RAINBOW mark as to cause confusion, to cause mistake, and to deceive and has, in fact, already done so.

43. Defendant's actions were and continue to be an intentional attempt to trade upon the goodwill and recognition associated with Rainbow School's RAINBOW mark in the Fayetteville metropolitan area that is protected at common law.

44. Defendant has willfully infringed Rainbow School's RAINBOW mark in violation of the common laws of the United States and of North Carolina after actual and constructive notice of Rainbow School's rights.

45. Defendant's acts of infringement have injured and violated the rights of Rainbow School in an amount to be determined at trial. Defendant's continued use of marks confusingly similar to Rainbow School's mark is likely to interfere with Rainbow School's use and exploitation of Rainbow School's mark and to diminish the goodwill associated therewith which presently inures to the benefit of Rainbow School. Such injury will continue until enjoined.

## COUNT II: FALSE ADVERTISING & FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125(a)

46. As set forth in the proceeding paragraphs, Rainbow School has consistently and continuously used and promoted its RAINBOW mark in connection with a wide range of childcare and educational services in commerce in the Fayetteville metropolitan area since 1990. As a result, Rainbow School has established significant common law trademark rights in connection with its RAINBOW mark in this area.

47. By virtue of its extensive and continuous use of its RAINBOW mark, Rainbow School has developed a valuable reputation for quality in childcare and educational services. Rainbow School has invested considerable time, effort, and expense in the creation, advertising, and promotion of its RAINBOW mark in connection with Rainbow School's services. Through these efforts, Rainbow School has built substantial goodwill in the RAINBOW mark, which inures to the benefit of Rainbow School.

48. Defendant, having actual and constructive notice of Rainbow School's rights, continues to infringe these rights by using a confusingly similar mark in commerce in a way that is likely to cause confusion among consumers, leading consumers to wrongly believe that Defendant is associated or affiliated with, sponsored or endorsed by, or connected to Rainbow School. Such unauthorized use causes, and is likely to cause further, confusion, mistake, or deception of consumers as to the affiliation, connection, or association of Defendant with Rainbow School. Additionally Defendant's use causes, and is likely to cause further, confusion, mistake, or deception as to the origin, sponsorship, or approval by Rainbow School of the services of Defendant.

49. Defendant's use of a confusingly similar RAINBOW mark in the Fayetteville metropolitan area began almost twenty-four years after Rainbow School commenced use of its RAINBOW mark.

50. Defendant's use of a confusingly similar RAINBOW mark in the Fayetteville metropolitan area as described above constitutes false designation of origin, false or misleading description, and/or false or misleading representation.

10

Case 5:14-cv-00482-BO   Document 1   Filed 08/27/14   Page 10 of 14

51. Such false designation, description, and/or representation constitutes unfair competition and is an infringement of Rainbow School's rights in its RAINBOW mark in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

52. Defendant knew or should have known of Rainbow School's rights, and Defendant's false description, false representation, and false designation of origin is and has been knowing, willful, and deliberate.

53. Rainbow School has been, and will continue to be, damaged by such false description, false representation, and false designation of origin in a manner and amount that cannot be fully measured or compensated monetarily. Defendant's activities have damaged and will continue to damage Rainbow School's rights, reputation, and goodwill; may discourage current and potential families from working with Rainbow School; and may cause a loss of revenue in an amount to be determined. Such irreparable harm will continue unless Defendant is restrained and/or enjoined.

54. Rainbow School is entitled to recover Defendant's profits and reasonable royalties for the infringing use of Rainbow School's RAINBOW mark, as well as any damages caused by Defendant to Rainbow School by Defendant's infringements, all of which should be trebled as a result of Defendant's willful infringements.

55. Defendant's intentional and willful infringement has caused and will continue to cause irreparable harm to Rainbow School, for which Rainbow School has no adequate remedy at law, and Rainbow School is entitled to injunctive relief that permanently bars Defendant's use of Defendant's RAINBOW mark and all other marks confusingly similar to Rainbow School's RAINBW mark in the Fayetteville metropolitan area.

56. Defendant's actions render this an exceptional case, entitling Rainbow School to recover attorney's fees and costs of suit under 15 U.S.C. § 1117.

11

Case 5:14-cv-00482-BO   Document 1   Filed 08/27/14   Page 11 of 14

## COUNT III: UNFAIR AND DECEPTIVE TRADE PRACTICES
## [N.C. GEN. STAT. § 75-1.1]

57. The activities of Defendant described herein constitute a pattern of multiple unfair and deceptive acts and practices, intentionally directed at a business and at consumers in the State of North Carolina, which are likely to deceive consumers within this State, and which have intentionally traded upon and injured, and will continue to trade upon and injure the goodwill, reputation, and business of Rainbow School, which is a North Carolina citizen and resident.

58. The activities of Defendant described herein have been and are in and affecting commerce within the State of North Carolina, and constitute unfair and deceptive acts or practices in violation of N.C. Gen. Stat. § 75.1.1.

59. As a direct and proximate result of Defendant's unfair and deceptive actions, Rainbow School has been injured in an amount to be determined at trial and to have such an amount trebled as a result of Defendant's unfair and deceptive practices.

60. Defendant willfully engaged in the acts complained of herein and refused to cease and desist when requested to do so. Rainbow School is entitled to have its reasonable attorneys' fees taxed against Defendant in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rainbow School respectfully demands judgment in favor of itself and against Defendant as follows:

A. Finding that Rainbow School's RAINBOW service mark is being willfully infringed by Defendant in violation of the common law and that, when requested, Defendant refused to cease such infringement.

B. Finding that Defendant's actions described herein constitute false description, false representation, and false designation of origin.

C. Finding that Defendant's actions described herein constitute unfair and deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1 and that, when requested, Defendant refused without warrant to cease such acts or practices.

D. Entering a temporary restraining order and preliminarily injunction to temporarily enjoin Defendant, its officers, subsidiaries, parents, divisions, agents, servants, employees, attorneys, contractors, and those in active concert or participation with Defendant from making use of a RAINBOW mark in the Fayetteville metropolitan area, or advertising its services to those who work in that area, pending the resolution of this proceeding.

E. Permanently enjoining Defendant, its officers, subsidiaries, parents, divisions, agents, servants, employees, attorneys, contractors, and those in active concert or participation with Defendant from infringing Rainbow School's RAINBOW mark, including enjoining Defendant from using any RAINBOW mark in connection with the offer of childcare services in the Fayetteville metropolitan area.

F. Permanently enjoining Defendant, its officers, subsidiaries, parents, divisions, agents, servants, employees, attorneys, contractors, and those in active concert or participation with Defendant from unfair or deceptive acts or practices in violation of N.C.G.S. § 75-1.1 and 15 U.S.C. § 1125, including but not limited to the acts and practices listed hereinabove.

G. Ordering Defendant to undertake corrective measures to remove from all public view any reference to any mark using the term RAINBOW in connection with childcare or education in the Fayetteville metropolitan area and any implied or actual reference to any association between any business operated by either of Defendant and Plaintiff; to destroy any and all physical depictions and embodiments of any RAINBOW mark it has used in the Fayetteville metropolitan area; and to inform any member of the public who inquires as to the ownership of a RAINBOW mark in connection with childcare and education services in the Fayetteville metropolitan area that Plaintiff and not Defendant is the owner of such RAINBOW mark.

H. Ordering Defendant to provide an accounting to Plaintiff of all gains, profits, advantages, and unjust enrichment derived by Defendant from its violations of the law, through Defendant's actions complained of herein.

I. Ordering that Defendant pay to Plaintiff all damages that Plaintiff has sustained as a consequence of the acts complained of herein and that Defendant pay to Plaintiff all of Defendant's profits derived by reason of said acts.

J. Awarding to Plaintiff treble damages, along with its costs and attorneys' fees, as provided or allowed by statute.

K. Awarding to Plaintiff such other and further relief at law or in equity as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Rainbow School demands a trial by jury on all issues and claims triable as such.

Respectfully submitted this 27th day of August, 2014.

**OLIVE & OLIVE, P.A.**
Attorneys for Plaintiff

/s/ Rebecca E. Crandall
Susan Freya Olive
    NC Bar No. 7252
Rebecca E. Crandall
    NC Bar No. 32637
P. O. Box 2049
Durham, North Carolina 27702
Telephone: (919) 683-5514
Email: emailboxEDNC@oliveandolive.com