IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-482-BO

| | |
|---|---|
| RAINBOW SCHOOL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| RAINBOW EARLY EDUCATION ) | |
| HOLDING LLC and REE SOUTHEAST, INC. ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on plaintiff's motion for preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. [DE 16]. A hearing was held before the undersigned in Raleigh, North Carolina, on January 22, 2015. For the reasons stated herein, plaintiff's motion for preliminary injunction is GRANTED IN PART and DENIED IN PART.

BACKGROUND

This action is brought by plaintiff Rainbow School Inc. (Rainbow School), an independently owned childcare provider located in Fayetteville, North Carolina, against defendants Rainbow Early Education Holding LLC and Ree Southeast, Inc. (Rainbow Early Education), corporations which opened a new childcare center also in Fayetteville, North Carolina, under the name Rainbow Child Care Center. Rainbow School alleges violations of common law trademark infringement, false advertising and false design of origin under the Lanham Act, 15 US.C. § 1125(a), and unfair and deceptive trade practices under North Carolina General Statute § 75-1.1 stemming from Rainbow Early Education's use of a similar service mark in connection with a similar business in Fayetteville.

Rainbow School has been in operation for 24 years and has continuously used the name Rainbow School. Rainbow Early Education operates approximately 100 facilities across the United States, some of which are within the state of North Carolina. Rainbow Early Education has been using the "Rainbow" name since 1986. In 2014, defendants began advertising its intention to offer childcare services under the name Rainbow Child Care Center in Fayetteville. Defendants' center opened in December 2014, roughly two miles from plaintiff's school. The Rainbow Child Care Center offers substantially similar services and targets the same clientele as does Rainbow School. Each facility uses a logo that contains its name and a rainbow, though the layout, font, and coloration of the logos are not the same, and Rainbow School's logo includes a cloud, while Rainbow Child Care Center's logo does not.

Plaintiff filed the instant motion for preliminary injunction on November 13, 2014, requesting that the Court enjoin defendants from using a service mark containing the word "Rainbow" or an image of a rainbow in the Fayetteville metropolitan area.

## DISCUSSION

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (quotation and citation omitted). A movant must make a clear showing of each of four elements before a preliminary injunction may issue: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff has demonstrated that it is entitled to a preliminary injunction regarding the use of the word "Rainbow".[1] Plaintiff has demonstrated that it is likely to succeed at a minimum on its claims for trademark infringement. To do so, it must show that it owns a valid and enforceable mark, that defendant used a similar mark in commerce without Rainbow School's permission, and that defendant's use of that mark is likely to cause confusion. *See, e.g., Louis Vuitton Malletier S. A. v. Haute Diggity Dogg, LLC*, 507 F.3d 252 (4th Cir. 2007). A service mark, as defined by 15 U.S.C. § 1127, serves "to identify and distinguish the services of one person . . . from the services of others and to indicate the source of the services . . . ." Under common law, ownership is established by being "the first to actually use the mark in the sale of goods or services". *Emergency One v. Am. Fire Eagle Engine, Inc.*, 332 F.3d 264, 267 (4th Cir. 2003) (quotation and citation omitted). A valid mark must be distinctive and thus capable of distinguishing the services of the owner of the mark from the services of another. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S 763, 768 (1992). "Marks are often classified in categories of generally increasing distinctiveness . . . they may be (1) generic; (2) descriptive; (3) suggestive; (4) arbitrary; or (5) fanciful." *Id.* Since the latter three marks are inherently distinctive, they are entitled to protection. *Id.*

Rainbow School began using its mark in 1990 in the Fayetteville metropolitan area. It is undisputed that its use predates the use of a Rainbow mark by defendant in the Fayetteville area. Moreover, the word "Rainbow" is not in any way generic or descriptive when used to denote a child care center. It is at minimum suggestive, and therefore is entitled to protection. Thus, Plaintiff has demonstrated it owns a valid and enforceable mark. Common sense dictates that

---

[1] The Court finds it unnecessary to enjoin defendant from using an image of a rainbow in connection with its services. As plaintiff pointed out at the hearing, it is the similarity of the centers' names that is most likely to cause confusion.

3

defendant's mark is similar to plaintiffs—both use the word "Rainbow" in connection with a child care center, and both logos have a picture of a rainbow. Defendant has not obtained the consent of Rainbow School to use the mark in commerce. As of November 2014, prior to defendants' even opening their center, plaintiffs had documented well over 100 inquiries of actual confusion and has submitted evidence thereof. Accordingly, plaintiff has demonstrated that it is likely to succeed on the merits for purposes of the preliminary injunction analysis.

Irreparable injury regularly flows from trademark infringement. *Lone Star Steakhouse and Saloon, Inc.* v. *Alpha of Va., Inc.*, 43 F.3d 922, 939 (4th Cir. 1995) (recognizing that infringement gives rise to irreparable injury as it causes a substantial likelihood of confusion and loss of control of business reputation). Plaintiff has also shown that the balance of equities tips in their favor and that the public interest supports the issuance of an injunction. While defendants have already opened their facility and will be harmed by being enjoined from using the word "Rainbow" in connection with that facility, "[their] self-inflicted harm is far outweighed by the . . .damage done [Rainbow School] by the infringement of its trademark." *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 379 (3rd Cir. 1992). Defendants chose to proceed with the Rainbow name regardless of the fact that Rainbow School has been using the Rainbow name in the Fayetteville area for 30 years and proactively attempted to contact defendants regarding their use. Moreover, "[w]here a likelihood of confusion arises out of the concurrent use of a trademark, the infringer's use damages the public interest." *Id.* The public interest in alleviating confusion is particularly heightened where, as here, the confusion relates to child care. As was noted at the hearing, there had been confusing regarding putting children on the incorrect buses. Although it became clear no child actually did get on the wrong bus, the public interest in ensuring a scenario like that is avoided at all costs is high.

4

Accordingly, plaintiffs have established all four elements showing that they are entitled to the extraordinary remedy of a preliminary injunction. Defendants, their officers, agents, subsidiaries, parent companies, and other affiliates, are hereby preliminarily ENJOINED from:

a. Using the word "Rainbow" in connection with their business the Fayetteville metropolitan area; and

b. Doing business as "Rainbow Child Care Center" in the Fayetteville metropolitan area.

Defendants are not, however, enjoined from using an image of a rainbow in connection with their business.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for preliminary injunction is GRANTED IN PART and DENIED IN PART. Defendants' use of the word "Rainbow" in the Fayetteville metropolitan area, including doing business as "Rainbow Child Care Center" is hereby preliminary ENJOINED.

SO ORDERED, this the 23 day of January, 2015.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE