IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-482-BO

| | |
|---|---|
| RAINBOW SCHOOL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| RAINBOW EARLY EDUCATION ) | |
| HOLDING LLC and REE SOUTHEAST, INC. ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on defendant's motion to strike and, in the alternative, motion for leave to file a sur-reply. [DE 40]. Defendant's motion is GRANTED IN PART and DENIED IN PART.

Defendant argues that plaintiff used its reply memorandum [DE 36] to submit declarations containing new assertions in violation of Rule 6(d) of the Federal Rules of Civil Procedure. Rule 6(d) requires that "[a]ny affidavit supporting a motion must be served with the motion." Rule 6(d), however, is silent on when reply affidavits must be filed. Because the contested affidavits in the case at bar do not support plaintiff's motion, but rather the reply, the Court finds that Rule 6(d) does not prohibit them from being filed as reply affidavits.

The purpose of Rule 6(d), however, is to prevent unfair surprise via last minute filings. *Orsi v. Kirkwood*, 999 F.2d 86 (4th Cir. 1993). In order to ensure that there is no appearance of surprise, therefore, the Court will allow defendant's sur-reply and attendant declarations. [DE 40, ex. 1].

Accordingly, defendant's motion is DENIED as to the request to strike, but GRANTED as to the request for leave to file a sur-reply.

SO ORDERED, this the  7  day of April, 2015.

                                                 TERRENCE W. BOYLE
                                                 UNITED STATES DISTRICT JUDGE

2

Case 5:14-cv-00482-BO   Document 48   Filed 04/07/15   Page 2 of 2