## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release is intended to serve as a written agreement modifying and amending the previously entered Settlement Agreement and Mutual Release entered by the parties on February 2, 2016, and meets the requirements of that agreement's Paragraph 8 concerning modification by written instrument.

The parties have reached an agreement to resolve all claims currently pending between them contingent on the United States District Court for the Eastern District of North Carolina granting a joint motion to dismiss Rainbow School's pending motions. In the event that joint motion is not granted or the Court in that matter continues to proceed in any form of contempt determination except as specifically described below, the parties agree that this agreement is null and void.

Subject to the contingency above, the parties agree to amend their prior agreement as follows, and incorporate all other terms of that agreement by reference:

1. Rainbow Early Education Holding, LLC and REE Southeast, Inc. shall cause to be paid to Rainbow School, Inc. the sum of $265,000 by wire transfer to Olive & Olive, P.A. in trust for Rainbow School, Inc., or any other account designated by Rainbow School, Inc. within three business days after an order granting the parties' joint motion to dismiss is entered, with wire transfer instructions to be provided by Rainbow School, Inc. or its counsel no later than the date the parties' joint motion to dismiss is filed.

2. In consideration for the above sum, the parties to this agreement restate in full the prior agreement's Paragraph 2 with the sole amendment that the mutual release is agreed to apply to any claim based on any conduct occurring prior to the date that the above described funds are paid, including any past violations identified in the below referenced audit report which are remedied or otherwise not ongoing or continuing in nature. This includes, but is not limited to, any claim arising out of Rainbow School's Third Motion For Contempt, request for attorney's fees related to that motion or the consolidated appeal to the Fourth Circuit, and any claim based on the exhibits previously tendered by Rainbow School during the pendency of the Third Motion for Contempt.

3. Moreover, the parties agree to the following additional terms:

a. The audit conducted pursuant to Court Order has been completed and a copy of the auditors' report has been provided to the parties on September 24, 2018. REEH & REES are responsible for payment of the audit as previously

ordered. REEH & REES agree to use their best efforts to remedy each ongoing or continuing violation of the underlying consent injunction identified by the audit report within 30 days of execution of this agreement, including but not limited to taking steps to cause all inaccurate online directory listings to be corrected. The Parties agree that "best efforts" means that REEH & REES will undertake actions within its own corporate control but not guarantee the future behavior of third parties including, but not limited to, any internet site or business not owned by REEH & REES; except that a successor to the business of REEH & REES and any operator of Fayetteville Child Care Center shall not be deemed a "third party" to this Agreement because such successors and operators are deemed "related or affiliated entities" of REEH & REES. REEH & REES will request each involved third party to conform its/his/her conduct to the underlying injunction in order to remedy the violation, and will take any steps necessary identified by the third party in response to the request within 14 days of such a response. If the ongoing violation or inaccurate directory listing continues, REEH & REES shall make a further three requests of the involved third party, at biweekly intervals. Should these efforts prove unsuccessful, REEH & REES shall provide Rainbow School with a copy of the attempts they have made to correct the situation, and any response(s) they have received, and shall authorize Rainbow School to follow up with the third party in an attempt to obtain resolution.

b. Within 30 days, REEH & REES shall contact the top five major search US engines (Google, Bing, Yahoo, Ask.com, and AOL.com) and Mapquest, and request they dissociate Rainbow School from any searches for the Fayetteville Child Care Center or their own web presence, facilities, parents, or subsidiaries. Furthermore, if any response requiring further action is sent in response to these requests, REEH & REES agree to take such further action specifically identified within 14 days of receipt of the response.

c. Within 30 days, REEH & REES shall request that the North Carolina Division of Child Development and Early Education correct records relating to the Fayetteville Childcare Center such that the corporate name, "REE Southeast, Inc.", is listed on Notices of Administrative Action previously issued relating to the Fayetteville Child Care Center, and shall ensure future state records use that corporate name or another corporate name that does not include the word "Rainbow." Among other things, REEH & REES shall not themselves, in the future, file documents with the State related to any facility in the Fayetteville, North Carolina metropolitan area that include the name "Rainbow." In the event that no response to the initial request for correction is received, REEH & REES shall make a further three requests at biweekly intervals. Should these efforts prove unsuccessful, REEH & REES shall provide Rainbow School with a copy of the attempts they have made to correct the situation, and any response(s) they have received, and shall authorize Rainbow School to follow up with the State in an attempt to obtain resolution.

d.     Within 30 days, REEH & REES shall ensure that all current vendors of the Fayetteville Child Care Center are or have been informed to submit invoices in the name of REE Southeast, Inc. or another corporate name that does not include the word "Rainbow." The parties agree that REEH & REES are not responsible for a third party's use of the prohibited term where that vendor has been provided correct billing information that excludes use of the prohibited term; however, upon receipt of an invoice displaying such incorrect useage, REEH & REES shall respond with a further notice as to the correct name in which invoices are to be submitted.

e.     If new breaches of the injunction occur or those identified in the audit report continue after the close of the 30-day cure-period following the execution of this agreement, then Rainbow School will be free to bring a further motion for contempt, except as limited by the requirement of notice set out in paragraph 5 below.

f.     With respect to the notice requirement provided in the settlement agreement, if there is a first violation after the 30-day period has ended, Rainbow School will give notice of the violation by letter as set out in the prior agreement, which shall be addressed to Chris Kind, or any future permanent or interim general counsel of REEH or its successor, and Carl Newman of Cranfill Sumner & Hartzog LLP, or any other attorney identified by REEH, with the exception that the previously agreed to ten-day cure period shall be extended to 21 days for this first violation. If, after the 21-day cure period, the identified breaches continue, then Rainbow School may file a motion for contempt with respect to the violations identified in the notice letter. If additional violations are noted after the 21-day cure period has passed, then the requirement to give written notice in advance is terminated for any future conduct and shall no longer apply to actions to enforce the terms of the consent injunction.

RAINBOW SCHOOL, Inc.

_Debra G Rickstrom_   _10/15/18_
(Signature)                  (Date)

_Debra G. Rickstrom_
(Printed Name)


RAINBOW EARLY EDUCATION HOLDING, LLC
REE SOUTHEAST, INC.

_Carl_         _10/15/18_
(Signature)                  (Date)

_Carl Newman_
(Printed Name)